JONATHAN MCDOUGALL
STATE BAR NO. 212359
1640 Laurel Street
San Carlos, California 94070
Office: (650) 594-4200
Facsímile: (650) 594-4205
jdmesquire@hotmail.com

Attorney for Defendant
MICHAEL KIM

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| UNITED STATES,<br><br>             Plaintiff,<br><br>vs.<br><br>MICHAEL KIM,<br>             Defendant. | CASE NO.: 3:18-CR-00124-001 JCS<br><br>Re:    Sentencing<br>Date:  October 12, 2018<br>Time:  10:30 a.m.<br>Judge: Joseph C. Spero<br><br>**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING** |

### I.    INTRODUCTION

MICHAEL KIM has timely pleaded guilty to one count of criminal contempt (18 U.S.C. §4021(1). This is Mr. Kim's first criminal conviction, and has accepted responsibility well in advance of the filing of any charges in the current case. Mr. Kim stated that "I deeply regret that I have put my family, my livelihood and future success in extreme danger." PSR, page 5. For the reasons that will be addressed at sentencing as well as discussed below, and in light of his extensive history of public service in law enforcement, community service work, stable employment history, family and community support, <u>Mr. Kim respectfully requests that this honorable Court impose probation, a fine and community service.</u>

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

## II.    OBJECTION TO INFORMATION IN THE PRESENTENCE INVESTIGATION REPORT

The probation officer in the Presentence Investigation Report recommends that Mr. Kim be "be placed on probation for two years, with (30) days to be served at a halfway house." PSR, Sentencing Recommendation, page 2. Additionally, the officer recommends that Mr. Kim "be ordered to pay a $30,000.00 fine." PSR, Sentencing Recommendation, page 2. The recommendation is based in part on Mr. Kim's abuse of trust, obstruction of the administration of justice, and his compromising of the integrity of the judicial process. PSR, Sentencing Recommendation, page 2.

However, the officer also questions Mr. Kim's veracity when he questions Mr. Kim's response to questions about a "drinking problem." The officer cites a 1996 DUI conviction to call into question Mr. Kim's denial of a "drinking problem." **Mr. Kim has never suffered a DUI conviction or ANY conviction.** In 1996, Mr. Kim's brother was arrested for DUI and used Mr. Kim's identification at the time of his arrest. Mr. Kim had been exonerated and his record cleared by fingerprints[1]. The probation officer never questioned Mr. Kim about the alleged conviction, as he would have supplied the correct information about his brother.

Mr. Kim respectfully asks that the reference to a prior conviction be stricken from the PSR.

### III.    BACKGROUND

Mr. Kim is a (45) year old father, husband, and former decorated law enforcement officer with the San Francisco County Sheriff's Office for over (17) years. Mr. Kim has a (14) year old daughter that he has coached in softball for over eight years, and now continues to volunteer as a

---

[1] Attached as Exhibits are the booking sheet and photo for Anthony Kim but using the identification for Mr. Kim, and the Record Clearance showing no record of arrest or conviction.

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

coach for younger players in his community of Millbrae.  Mr. Kim has taken his actions in this matter with grave seriousness, and recognizes that he is fortunate that more significant criminal charges were not pursued by the Government against him.  Mr. Kim absolutely understands that he jeopardized his freedom and his family's well-being with his actions and his dishonesty with his statement to the Court.

On February 8, 2016, Mr. Kim resigned from his employment in the San Francisco Sheriff's Office with no intention of returning to law enforcement.  His wife, Bonnie Lam, during the pendency of this case, has been struggling with a severe medical condition that has forced Mr. Kim to become the majority provider for his wife and daughter.  More recently, his wife has returned to work in a limited basis, and still has an extensive medication routine to maintain her health.  There are frequent days where his wife is unable to work or help with routine family activities.

The Government and counsel for Mr. Kim will be providing additional information for the Court's consideration at the time of sentencing.

There are also multiple character letters in support of Mr. Kim attached here for the Court's review and consideration.

### III.  THE POST-BOOKER SENTENCING FRAMEWORK

As this Court is well aware, in *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Sentencing Guidelines are effectively advisory, and no longer mandatory. 543 U.S. at 245. In the wake of *Booker*, federal sentencing is now governed by 18 U.S.C.  3553(a). *United States v. Menyweather*, 431 F.3d 692, 695 (9th Cir. 2005).

Federal sentencing courts are now required to calculate and consider the advisory guideline range as a starting point in sentencing. *United States v. Evans-Martinez*, 448 F.3d 1163, 1167 (9th Cir. 2006). However, the district courts are not required to sentence within that guideline range if

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

the court finds reasons to support an out-of-Guidelines sentence.  Courts now have the discretion to impose non-Guidelines sentences. *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) *See* 18 U.S.C.  3553(a)(4); *Booker*, 543 U.S. 245-46 (the statute permits the court to tailor the sentence in light of other statutory concerns as well.)

Consistent with *Booker*, the Ninth Circuit follows a two-step procedure for reviewing sentences imposed following the date the Supreme Court issued its opinion in *Booker*. *United States v. Mix*, 457 F3d 906, 911 (9th Cir. 2006); *Cantrell*, 433 F.3d at 1279-81. First, the appellate court determines whether the district court properly considered and applied the applicable Sentencing Guidelines. *Cantrell*, 433 F.3d at 1279-81.  Second, the Court of Appeals reviews the sentence for reasonableness in light of the factors set forth in 18 U.S.C. 3553(a). *Cantrell*, 433 F.3d at 1280.

In sentencing defendants' post-*Booker*, this Court must first consult the Guidelines and determine the correct guideline range, and then must consider the 3553(a) factors relating to this particular case and the arguments of counsel, and decide whether the 3553(a) factors call for a sentence within or outside of the Guidelines. Cantrell, 433 F.3d at 1279; *United States v. Kimbrew*, 406 F.3d 1149, 1152 (9th Cir. 2005). If the Court decides that a below-Guidelines sentence is appropriate, then it must set forth enough of its reasoning to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority. *Rita v. United States*, __ U.S. __, 168 L. Ed. 2nd 203, 127 S. Ct. 2456 (June 21, 2007). *See United States v. Marial-Santiago*, 447 F.3d 715, 719 (9th Cir. 2006) (affirming a sentence as reasonable where the district court gave thoughtful attention to factors recognized in 3553(a) and exercised sound discretion.

//

//

//

-4-

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

## IV.     THE COURT'S AUTHORITY TO DEPART FROM THE GUIDELINE RANGE.

Congress allows district courts to depart from the applicable Guidelines range if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." *Koon v. United States*, 518 U.S. 81, 92 (1996) (quoting 18 U.S.C. 3553(b)).

In determining whether the Commission has adequately taken a factor into consideration, "Congress instructed courts to 'consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission.'" *Id.* at 92-93 (quoting 18 U.S.C. 3553(b)). Four types of factors are relevant to departures: forbidden factors; encouraged factors; discouraged factors; and unmentioned factors. *See id.* at 93-96. Forbidden factors include race, sex, national origin, creed, religion, socioeconomic status, lack of guidance as a youth, drug or alcohol dependence, and economic hardship. *Id.* With the exception of the forbidden factors, the Commission "does not intend to limit the kinds of factors, whether or not mentioned anywhere else in the guidelines that could constitute grounds for departure in an unusual case." *Id.* at 93. Encouraged factors are ones that "the Commission has not been able to take into account fully in formulating the guidelines." *Id.* at 94. Discouraged factors, on the other hand, are "not ordinarily relevant to the determination of whether a sentence should be outside the applicable guideline range." *Id.* at 95. In *Koon, supra*, the Supreme Court outlined the sentencing court's authority to consider each of these types of factors in deciding whether to depart:

> If the special factor is a forbidden factor, the sentencing court cannot use it as a basis for departure. If the special factor is an encouraged factor, the court is authorized to depart if the applicable Guideline does not already take it into account. If the special factor is a discouraged factor, or an encouraged factor already taken into account by the applicable Guideline, the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. *Id.* at 95-96.

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

If the factor does not fall into any of the above categories, it is considered unmentioned by the Guidelines. In *Koon*, the Supreme Court stated that if the factor is unmentioned, "the sentencing court must determine whether the factor, as occurring in the particular circumstances, takes the case outside the heartland of the applicable Guideline." 116 S. Ct. at 2051. To make this determination, the court must consider "the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole," *Id*. at 2045.

## V. CONCLUSION

Mr. Kim has fully accepted responsibility and proactively took the initiative to make amends for his conduct, shown in part by his voluntarily retirement from the Sheriff's Office. Mr. Kim has an extensive history of public service in law enforcement, community service work, stable employment history, and family and community support.  For the above reasons, those provided in the Government's memorandum provided under seal, and reasons that will be addressed at sentencing, <u>Mr. Kim respectfully requests that this Honorable Court impose probation, a fine and community service.</u>


Date: October 5, 2018                                        Respectfully submitted,


                                                             JONATHAN McDOUGALL, ESQ.
                                                             Attorney for Defendant
                                                             MICHAEL KIM

DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

# EXHIBIT A




POLICE DEPARTMENT
# CITY AND COUNTY OF SAN FRANCISCO
THOMAS J. CAHILL HALL OF JUSTICE
850 BRYANT STREET
SAN FRANCISCO, CALIFORNIA 94103-4603

**MARK FARRELL**
MAYOR

**WILLIAM SCOTT**
CHIEF OF POLICE

## RECORD CLEARANCE

DATE:    October 3, 2018

To whom it may concern,

This letter is a result of a search of the San Francisco Police Department records.

**NAME:**        KIM, MICHAEL SHERMAN

**DATE OF BIRTH:**    JANUARY 8, 1973

Did not disclose any criminal record and:

☐    is not verified by fingerprints or actual birth records.

☒    is verified by fingerprints.

This letter does not preclude the possibility of arrests or warrants outside the jurisdiction of the City of San Francisco.

The San Francisco Police Department cannot give or obtain a statewide police clearance for you. If such clearance is needed, the State of California will charge you a fee for this service. Please call 1-(800) 315-4507 for further information.

Sincerely yours,

MYRA WILLIAMS
Custodian of Records
Identification Section
Forensic Services Division

# EXHIBIT B



EXHIBIT C

Matthew Lujan
9 Rosalita Ln
Millbrae, CA 94030
(650) 872-8603


July 24, 2018

Chief Magistrate Judge Joseph C. Spero
San Francisco Courthouse, Courtroom 6 – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      RE:   <u>United States of America v. Michael Kim</u>
              Case No. 18-CR-0124

Dear Judge Spero,

Thanks for allowing me the opportunity to provide a Character Letter for Michael Kim.

I am a business owner in the security guard industry and a sworn California peace officer. I have known Mike for about 10 years. We met through our local youth softball league, Millbrae Girls Softball Association, where our daughters played for many years together. Mike and I coached almost year-round together for several years. My daughter "retired" from youth softball about two years ago, but Mike and I remain close friends. Our families have vacationed together and continue to hang out, and frequently enjoy family meals together.

I only know about the charges Mike is facing due to an online news article that another softball parent brought to my attention a few years ago. Mike recently talked to me a little about the upcoming court hearing. I know that Mike is sorry for his involvement and wants to move forward with his life. I can only assume that Mike has suffered hardship because of the offense as he had to leave his long-term, distinguished employment with the San Francisco Sheriff's Office, and start a new career in the private industry.

From my own personal knowledge and close relationship with Mike over the last 10 years, I know Mike as trustworthy, reliable, competent, compassionate, generous, and humble. He continues to volunteer as a coach and with other duties assigned to him, for the Millbrae Girls Softball Association, even though his daughter no longer plays for that league! He does all of this while working two jobs to support his family. Mike has my full support and I hope that you will consider his positive contributions, character, and overall good will, during your review of the charges he faces.

Sincerely,

Matthew Lujan

Michelle G. Lam
130 Acacia Court
San Carlos, CA 94030


July 10, 2018


Chief Magistrate Judge Joseph Spero
San Francisco Courthouse, Courtroom 6 - 15th Fl.
450 Golden Gate Avenue
San Francisco, CA 94102

RE:     United States of America v. Michael Kim
        Case # 18-CR-0124


Dear Judge Spero,

My name is Michelle Lam and I am writing to you in regards to the case against Michael Kim.
I am aware of the charges brought against Mike and am truly saddened to know of the
professional and personal toll he has had to endure thus far. Mike's role at the San Francisco
Sheriff's Department was not just a job to him, it was his passion and a career that perfectly
suited Mike.  It was very difficult to watch him walk away from something that I knew he loved
because of a mistake he made.

I have known Mike for almost 30 years. He has been consistently in my life since I was a child.
He has been a big brother to me growing up and is an integral part to our family.  When I was
11, we moved to a new city and I had to start in a new school where I didn't have any friends.
Mike helped me with this transition, such as teaching me something simple like how to unlock
my locker to the more important things like staying away and protecting me from the wrong
crowd. Mike would often go out of his way to pick me up from school and attend my basketball
and softball games, where he would (loudly) cheer for me from the bleachers. As a teenager,
Mike was still cheering for me as I played High School basketball and helping me as I struggled
with homework. Whether it was in sports or in life, Mike was always there consoling me after the
tough losses and congratulating me when things went my way. I've learned a lot from Mike,
such as being independent, a hard worker, focus on getting good grades, and to be kind and
caring to others. Now as an adult and a mother, Mike is still there for me and my family. My two
young sons look up to Mike as role model and mentor.  He is kind, loyal, selfless, funny and
supportive. He is a loving husband to my sister, a terrific father to my niece, a fantastic uncle to
my sons, a caring coach, and a great friend to all.

As the events of this trial developed, I have been helping and supporting Mike and his family in anyway I can. I hope this letter reveals the positive influence Mike has been in my life.  I am hoping for the court's mercy as I believe we should all be granted a second chance when we admit to and are sorry for something we have done.

Thank you for your time and attention.

Sincerely,

Michelle G. Lam

Les Pasamonte
130 Acacia Court, San Carlos, CA
(650) 892 9992


July 5th, 2018

Chief Magistrate Judge Joseph C. Spero
San Francisco Courthouse, Courtroom 6 – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

        RE:   <u>United States of America v. Michael Kim</u>
               Case No. 18-CR-0124

Honorable Judge Spero,

      I am Les Pasamonte, a Software Engineer at Apple Inc.  I am Michael ("Mike") Kim's brother-in-law and I have known him since 2000.  I don't have any brothers and since the family Mike and I both married into is a close knit one, I grew to consider him exactly that:  a brother.  I have grown to respect and look up to Mike.  In fact, his passion and dedication to law enforcement played a big part in inspiring me to take the Federal Bureau of Investigations Special Agent exam in 2008.  My path has taken a different turn since then, but I always found solace knowing that at least my brother-in-law was out there contributing where I could not. Whether it was assisting during the 2010 San Bruno Pipeline Explosion or keeping the peace at Occupy Rallies, we've always been proud of him.

      I am aware of the events surrounding the Contempt of Court charge against Mike.  And I know the explanations he's given regarding the ballistic vest that set all of this in motion. Over the past year or two, I've watched him beat himself up for the mistake he has made and I've watched him struggle with trying to find out how to make things right.  He was a career law enforcement officer, excelling to the rank of Sergeant, onto SRT and then to SWAT. It's been heartbreaking to see him walk away from all of that to make amends.  Mike's daughter, Adyson, is like my own and his wife, Bonnie, I consider as my sister.  So throughout this process, as my wife and I have been kept in the loop as things progressed, we've been prepared to offer all of our support in any way they need.

      Mike is a lot of things in our family.  Being the oldest, he (with Bonnie) is one of the leaders of the family.  He is the most willing, resourceful, and helpful person in the family.  But above all of that, what I personally hold important is that he is a strong father to Adyson and an additional father figure to my two sons.  My youngest son has even told me that if I weren't around, that he could "use Uncle Mike" as a dad. And despite all of the things that have happened, he's always been there for the kids and always with a smile or a laugh and still the guiding father and uncle.  When he left the

Sheriff's Department, Mike unwaveringly took on whatever work suited him so that he could provide for the family and so that Adyson could continue to grow up doing the things that she loved most.

In the 18 years that I've known Mike, I've watched him become an active and loving father, husband, uncle, brother and citizen. He continues to do all that he can to make things right and be the best version of himself. Whether it's the school system, athletics or just around town, Mike is known and loved where he lives in Millbrae. He's a cornerstone in our family and second father figure to my sons.  He's never stopped being any of these things and I hope with the court's decision, that he be given the chance to continue.


Sincerely,

Les Pasamonte

Jeff Lam
528 Santa Florita Avenue, Millbrae, CA 94030
415-722-1721


7/3/2018

Chief Magistrate Judge Joseph C. Spero
San Francisco Courthouse, Courtroom 6 – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    RE:   <u>United States of America v. Michael Kim</u>
       Case No. 18-CR-0124

Dear Judge Spero,

My name is Jeff Lam. I currently work at Tesla in Palo Alto, CA as a QA Engineer.
Michael Kim (Mike) is my brother-in-law and an uncle to my two daughters. I first met
Mike in 1990 through my sister, Bonnie, who is currently his wife. For the 25+ years I
have known Mike, I always looked to Mike as a big brother. I cannot count the number of
times Mike was always available to help me as well as my family. Mike always gave me
home improvement tips when I saw him during family dinners and at the same time,
joked about how I did things wrong. He was the first to arrive in emergency situations
such as that time when my home was flooded. He helped me put together twenty plus
sandbags in the pouring rain. Family was very important to Mike and took great care of
his extended family. He played a key role in caring for my late uncle who had cancer and
late grandmother by cooking meals, cleaning and organizing their home, and driving
them to treatments and doctor appointments.

Regarding the charges made against him, I have knowledge from what was publicized in
this case. Mike shared with me that he felt very sorry for what has happened and
understands his wrongdoings and consequences. Even with the burden of this case, Mike
showed his leadership and spirit by sacrificing his passion in his career working for the
sheriff's department, in which he successfully advanced up to the sergeant level ranking.
Although he loved working for the sheriff's department and showed much pride in his
work, he independently made the difficult decision to leave this prestigious job and
position.

Mike is a loving husband and father. He is very active and involved in his daughter's life,
coaching his daughter in softball and volunteering his time managing, coaching, and
mentoring younger softball players in the league for almost ten years. He and his wife
are big advocates for helping to support and improve school funding in their local
community.

In closing, in the 25+ years I have known Mike, he has been one of the most respectable and hard-working individuals and deserves to continue to serve as a positive leader and member of this community.

Sincerely,

Jeff Lam

Mr. Paul E. Rapicavoli
P.O. Box 679,
Clayton, Ca. 94517-0679
925.698.5489 (C)

Wednesday, July 4th, 2018

Chief Magistrate Judge Joseph C. Spero
San Francisco Federal Building, Courtroom 6-15th Floor
450 Golden Gate Avenue
San Francisco, Ca. 94102

RE: United States of America vs. Michael Kim
Case No. 18-CR-0124

Dear Judge Spero,

Please accept this letter as a character reference for my long-time friend and co-worker, Mr. Michael Kim.

I am a retired supervisor from the San Francisco Sheriff's Department. I helped train Michael when he entered the Department in 1999. We worked in various assignments together until I retired in 2013. By that time, Michael had surpassed me in rank and was well on his way to a career on the fast track.

I became aware of Michael's current situation in 2015, when we met at an examination for a position with the City. He explained to me what he had done and expressed remorse and regret for this single act of stupidity which has been so costly to him in so many ways.

In 2016, I reentered City service at the War Memorial Performing Arts Center. When the Director of Security at the Center was looking for a Supervisor, I recommended Michael to him. I endorsed Michael 100%, without hesitation, and cited Michael's training, experience and contribution to the Sheriff's Department. As is only fair, I also explained to the Director Michael's current legal problems. Michael was hired as a supervisor, and, at this time, is the Acting Director of Security.

Your Honor, I truly believe that Michael, through some misguided sense of loyalty to an old childhood friend, and with good intentions, made a single mistake that blew up in his face and has cost him his career, huge legal fees, a large circle of friends and co-workers, disgrace in the law enforcement community, nearly his marriage and potentially his freedom. I pray that the Court considers the totality of the circumstances when imposing sentence upon Michael Kim.

Respectfully,

Paul E. Rapicavoli

**CERTIFICATE OF SERVICE**

I hereby certify that on OCTOBER 5, 2018, the foregoing DEFENDANT'S MEMORANDUM IN AID OF SENTENCE VARIANCE was filed electronically and a copy was served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.  I declare under penalty of perjury that the foregoing is true and correct.

JONATHAN McDOUGALL, ESQ.

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**